UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD BINGHAM, individually,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LAS VEGAS, et al.,<br><br>Defendants. | 2:08-CV-1861 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff Reginald Bingham's motion for preliminary injunction. (Doc. #35). The defendant responded (doc. #36), but, to date, the plaintiff has not replied.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Resources Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

Here, the plaintiff seeks to enjoin defendant City of Las Vegas from terminating his insurance benefits until the completion of the upcoming trial on this matter. The plaintiff claims that the city terminated his insurance benefits only after this court denied defendant's motion for summary judgment, and, accordingly, that the action was retaliatory. The plaintiff further alleges that he suffers from a serious medical condition and that he will suffer irreparable harm absent this injunctive relief from the court.

The plaintiff cannot meet the high standard set by the Supreme Court in *Winter*. First, the plaintiff has failed to show that "irreparable injury is *likely* in the absence of an injunction." *Id.* at

**James C. Mahan**
**U.S. District Judge**

1  375 (emphasis in original). He has provided no affidavit or medical records documenting his medical
2  problems, nor has he shown that he has been unable to obtain medical care in the two years
3  following his separation from the city. For example, such coverage may have been provided through
4  COBRA, private payment, or coverage through a subsequent employer.

5  Second, inasmuch as the plaintiff is now alleging that termination of his insurance coverage
6  was retaliatory, the plaintiff is unable to show that he has exhausted the mandatory administrative
7  remedies available to him,[1] leaving this court without jurisdiction to hear the merits of his claim. *See*
8  *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472 (9th Cir. 1989) (holding that
9  alleged discrimination occurring post-termination was not administratively exhausted).

10  Accordingly,

11  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's motion for
12  injunctive relief and preliminary injunction (doc. #35) is DENIED without prejudice.

13  DATED December 1, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[1] As the defendant notes, the plaintiff's only surviving federal claim in this matter relates to discrimination under the Americans with Disabilities Act, and not retaliation. (Doc. #30).