# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

REGINALD BINGHAM, individually,

Plaintiff,

v.

THE CITY OF LAS VEGAS, et al.,

Defendants.

2:08-CV-1861 JCM (RJJ)

# ORDER

Presently before the court is plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59. (Doc. #66). The defendant City of Las Vegas has responded (doc. #67), but, to date, the plaintiff has failed to reply.

The instant action culminated in a three day jury trial, which was held February 28, 2011, through March 2, 2011. (*See* docs. #58, 60, 62). On the third day, the jury returned a verdict in favor of the defendant, City of Las Vegas, and against plaintiff Reginald Bingham. (Doc. #65). On March 23, 2011, the plaintiff filed the instant motion for a new trial. (Doc. #66).

**I.  Timeliness**

Under Federal Rule of Civil Procedure 59(b), a motion for a new trial must be filed within twenty-eight business days of entry of judgment. Accordingly, the motion is timely, and the court considers the motion on its merits.

**II.  Rule 59 Motion**

Plaintiff urges the court to grant him a new trial, alleging that the jury's decision was against the weight of the evidence. Specifically, plaintiff contends that the jury's special verdict answering

**James C. Mahan**
**U.S. District Judge**

1  "no" to the question of whether the plaintiff had proven disability ignored five pieces of evidence cited on page three of the motion. (Doc. #66 at 3:3–22). The defendant responds that the jury verdict was supported by substantial evidence and should be upheld.

Federal Rule of Civil Procedure 59(a)(1)(A) grants the court authority to order a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court. . . ." Here, plaintiff has invoked Rule 59 on the basis of sufficiency of the evidence standard: "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion." *DSPT Intern. Inc. v. Nahum*, 624 F.3d 1213, 1218 (9th Cir. 2010) (internal citations omitted). Thus, the verdict may be set aside only where "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* (internal citations omitted).

The court finds that the jury verdict here was supported by substantial evidence and should be upheld. Although plaintiff alleged that he suffered from a knee injury, the jury reasonably concluded that the impairment did not substantially impede him from performing a major life activity under the Americans with Disabilities Act ("ADA"). *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002) (seeing out the three-part test to establish disability under the applicable version of the ADA).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a new trial (doc. #66) is DENIED.

DATED May 3, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -